## John W. Foreman v. Aaron W. Gregory.

Where a defendant removes a case from a Justice's Court to the District Court, by certiorari, the plaintiff, or appellee, cannot be ruled to give security for costs on the motion of the defendant, or appellant.

Where the defendant, against whom judgment has been rendered in a Justice's Court, obtains a certiorari, and the judgment of the District Court is for a less amount than the judgment of the Justice's Court, the defendant is entitled, under the statute, to recover the costs in the Justice's Court, but must pay the costs of the District Court.

Appeal from Cherokee. Tried below before the John H. Reagan.

The rule for costs was taken by the defendant.

*S. P. Donley*, for appellant.

*J. Everett*, for appellee.

HEMPHILL, CH. J. The appellee, Gregory, sued the appellant, Foreman, before a Justice, to recover an account. The plaintiff before the Justice, viz : Gregory, recovered judgment for thirty-nine dollars. The defendant Foreman removed the cause, by certiorari, to the District Court, and the plaintiff again had judgment, but for a less amount than before the Justice—being only for nineteen dollars and twenty-five cents ; and he also had judgment for all the costs expended in both Courts.

Several errors are assigned. Those deemed material are—

1st. The refusal to dismiss, on motion, the cause, for the want of security for costs, and

2nd. In rendering judgment against the defendant, John W. Foreman, for the costs as well in the District Court as in that of the Justice of the Peace.

The plaintiff, viz: Gregory, had been ordered at a previous Term to give security for costs. On non-compliance there was a motion to dismiss the cause, which was refused, and, as we believe, on good grounds. The order should not have been made. For although a plaintiff, under Art. 801, (Hart. Dig.,) may be ruled to give security for costs, yet the appellee, in a case where a magistrate's judgment is brought up by certiorari to the District Court, is not such plaintiff as comes within the meaning of this Section of the statute. Whether he should not be styled appellee, and the other party appellant in the proceedings before the District Court, instead of the style by which they were known before the Justice of the Peace, as plaintiff and defendant, is, to say the least, doubtful. In regulating appeals from a Justice's Court to a District Court, in Arts. 716 and 717, (Hart. Dig.,) the party who brings up the appeal is styled the appellant. But, admitting that the cause, when brought up to the District Court, is, by the usual practice, placed on the docket as it was on the docket below, and the parties, named plaintiff and defendant below, are styled plaintiff and defendant above ; and although the trial is *de novo*, and the plaintiff must prove his cause of action, yet the appellant, or the party who brings up the cause, is the real actor in the proceeding. He has given bond to secure the costs as well as perform the decree. The other party is passive. The further costs that may be expended, will not have been incurred through his agency. He was content with the judgment below, and cannot be made to secure the costs of a proceeding prosecuted without his agency and against his consent. We are of opinion that Gregory, the appellee, in the District Court, though styled plaintiff, is not such plaintiff, or actor, as, by the Article cited, may be ruled to give security for costs.

The next error is in rendering judgment against the defendant John W. Foreman, for the costs in both Courts. The mode in which judgment shall be rendered, on appeals brought from a Justice to the District Court, (and this applies also to

cases brought up by *certiorari,*) is regulated by statute, Art. 716, (Hart. Dig.,) and is too plain to require comment. If the judgment against the appellant in the District Court shall be for a less amount than the judgment below, then the appellant shall recover his costs in the Court below, but shall pay the costs of the District Court. (The other portions of the Section are not applicable to this case.) There was error in adjudging the whole costs, against the appellant, as he is styled by the statute ; or defendant, as he is denominated in practice. He should have recovered his costs in the Justice's Court, and been adjudged to pay those in the District Court and for this error the judgment must be reformed at the costs of the appellee in this Court. The other points in this controversy require no special notice.

The evidence was conflicting, but there is no ground to disturb the judgment further than to apportion the costs. Ordered that the judgment be reformed.

Judgment reformed.