Hill v. Faison.

---

---

## JOHN W. HILL v. N. W. FAISON.

The office of a writ of *certiorari* is simply to bring up to the District Court from the justice's court the case tried by the justice, that it may be tried *de novo* by the District Court.

In a petition for a *certiorari* it is not proper to connect the suit before the justice of the peace with another cause of action not within his jurisdiction; and where the petition seeks to do this, the proper practice would be for the District Court to dismiss the suit so far as concerns the cause of action not within the justice's jurisdiction, and to hear and determine the case brought before it by the *certiorari*.

If the petition for the *certiorari* be dismissed for insufficiency by the District Court, then the whole case presented by the petition, inclusive of the cause of action not cognizable by the justice of the peace, might, *perhaps*, upon proper motion, be retained on the docket as an original suit.

Statutes regulating the general subject of notice are always to be construed, as respects the computation of time, most liberally in favor of the party to be affected by the notice.

The statute (O. & W. Dig., Art. 1103,) requiring the publication for three successive weeks of citation issuing from a justice's court to an absent or transient defendant, is not complied with by a publication in three successive issues of a weekly newspaper, unless the full term of three weeks, or twenty one-days, elapsed between the date of the first publication and the day on which the judgment was rendered, exclusive both of the first day of publication and the return day of the writ.

The insufficiency of the service of citation, when not waived, is good ground for a *certiorari* to the District Court of a judgment rendered by a justice of the peace.

The District Court has no jurisdiction at a term subsequent to the final disposition of a cause to make an order allowing a fee to the guardian *ad litem* of a minor defendant in such cause. The allowance ought to have been made at the term when the services were rendered; or might, on proper motion and notice to the party interested, be entered *nunc pro tunc* at a subsequent term.

APPEAL from Fayette. Tried below before the Hon. George W. Smith.

The appellant, John Wallace Hill, on the 2d of March, 1859, filed his petition under oath to the District Court of Fayette county, alleging in substance that on May 9th, 1853, William B. Price obtained from said court an allowance of fifty dollars for services alleged to have been rendered by him as guardian *ad litem* for one Wallace Hill, one of the defendants in a certain suit which had been finally decided at the Fall Term, 1852, of said court; which allowance petitioner charges was void for want of jurisdiction of the court over his person or otherwise. That Price transferred said allowance to N. W. Faison, the defendant, who, on the 9th November, 1858, sued petitioner thereon before a justice of the peace, making affidavit that said Wallace Hill was absent from the State so that the ordinary process of law could not be served upon him. That on the said 9th of November, 1858, the justice of the peace issued his citation and order of publication thereof, to be made in the "True Issue," a newspaper published at Lagrange, for three successive weeks previous to the returning of the same, &c. That on Saturday, the 4th day of December, 1858, judgment by default was rendered by said justice against said Wallace Hill for $72 and costs; upon which execution issued and was levied on December 18th, 1858, upon 100 acres of land belonging to petitioner and worth ten dollars per acre, which was sold by the sheriff on the 4th of January, 1859, under said execution, for the sum of $112. That the writ in said suit was not published for three successive weeks as required by law. That said suit was improperly brought against petitioner by the name of Wallace Hill instead of his true name of John Wallace Hill, and a notice for Wallace Hill was not such notice as is required by law. That petitioner had no actual notice of the suit until after his land was sold as aforesaid, whereby he has been greatly damaged. Prayer for the writ of *certiorari* to remove said cause to the District Court, for citation to the defendant, for $1000 damages, and also for said sum of $112, &c.

Faison moved to dismiss the *certiorari* for insufficiency of the

petition and for specific exceptions taken thereto for want of merits, &c.

The court sustained the motion and dismissed the cause at the cost of Hill. The other facts appear sufficiently in the opinion of the court.

*W. G. Webb*, for the appellant.

*B. Shropshire*, for the appellee.

BELL, J.—It is assigned as error that the court below sustained the motion to dismiss the *certiorari*, and also proceeded to dismiss the whole case. The petition for *certiorari* not only sought to annul the judgment rendered by the justice of the peace, but also embraced a claim for damages resulting from the sale of the land. This was improper. The office of a writ of *certiorari* is simply to bring up to the District Court, from the justice's court, the case tried by the justice, that it may be tried *de novo* by the District Court. It is not proper to connect the suit before the justice with any other cause of action, not within his jurisdiction ; and where the petition for *certiorari* seeks to do this, as in the present case, the proper practice would be for the District Court to dismiss the suit so far as the new cause of action, not within the jurisdiction of the justice, is set up, and to proceed to hear and determine the case properly brought before it by the *certiorari.* If the petition for *certiorari* be insufficient, and for that reason be dismissed upon motion, then perhaps the whole case presented by the petition, embracing the new cause of action not within the jurisdiction of the justice's court, might, upon a proper motion having that object in view, be continued on the docket as an original suit.

In the present case, we are of opinion that the court below erred in sustaining the motion to dismiss the *certiorari*. The petition for *certiorari* alleges that the citation issued by the justice of the peace on the 9th day of November, was published in the "True Issue," a weekly newspaper, on the 13th of the month, on the 20th, and on the 27th, and no more, and that the judgment was rendered on the 4th day of the succeeding month. In cases like the present

the statute requires the citation to be published at least three successive weeks before the return day.    (Oldham & White's Digest, art. 1103.)    We think this provision of the statute is not complied with by a publication in three successive issues of a weekly newspaper, unless the full term of three weeks, or twenty-one days, elapses between the day when the citation is first published and the day on which the judgment is rendered, exclusive of the first day of publication and also of the return day of the writ. Statutes regulating the general subject of notice, are always to be construed as respects the computation of time, most liberally in favor of the party who is to be affected by the notice which the statute provides.

In this case, the citation having been published on the 13th, the 20th and the 27th days of the month of November, if the fifth day of the succeeding month had been the return day of the writ, and a day on which the court might lawfully have rendered judgment, we think the service would have been complete and that the judgment might properly have been rendered on the fifth day of December, because the third week of the publication would have expired with the fourth day of the month.

This court has said, in the case of Perry v. Rohde, 20th Tex., 729, that the rendition of judgment by a justice of the peace upon insufficient service, is good ground for a *certiorari*, and we think this is true.    It follows, the service in the case before us being insufficient, that the district court erred in dismissing the *certiorari*. This would suffice for the present disposition of the case, but we think it proper to say that we are of opinion that the District Court of Fayette county had no jurisdiction to make the order allowing a fee to Wm. Price, the guardian *ad litem* of the minor Wallace Hill, in the suit named in the petition for *certiorari*. The allowance of compensation for the service rendered ought to have been made at the term when the services were rendered, or, doubtless, a judgment or order making the allowance might have been entered *nunc pro tunc*, at a subsequent term, upon motion and proper notice to the party interested.    The judgment of the court below is reversed and the cause remanded.

                                        Reversed and remanded.