Opinion by
White, P. J.
' § 659. Security for costs; rule for, in county court, cannot be had in case appealed from justice's court; case overruled; case stated. Appellee recovered judgment in justice’s court against appellant for the value of a trunk and its contents, lost while being carried by appellant as baggage. Appellant appealed to the county court, in which court it moved for a rule requiring appellee to give security for costs. This motion was overruled, and upon a trial de novo appellee again recovered judgment. The refusal of the court to require appellee to give security for costs is assigned as error. Held: No such motion had been made in the justice’s court. In support of this assignment appellant cites the case of the Tex. & Pac. R’y Oo. v. Taylor [ante, § 418], which certainly is directly in point. But that decision seems to have been rendered without any reference by us to previous decisions of our *577 supreme court upon the question. An inspection of the statutes upon the subject shows that they have not been changed in any material respect since the decisions of the supreme court referred to below were made. In questions of practice, for the purpose of maintaining uniformity, we feel it to be proper to follow the decisions of the supreme court whatever may be our own views with regard to the question. In Freeman v. Gregory, 17 Tex. 193, it was decided that “where a defendant removes a case from a justice’s court into the district court by certiorari, the plaintiff or appellee cannot be ruled to give security for costs, on the motion of the defendant, or appellant.” In delivering the opinion of the court, Chief Justice Hemphill said: “Although a plaintiff, under article 801, Hart. Dig., may be ruled to give security for costs, yet the appellee, in a case where a magistrate’s judgment is brought up by certiorari to the district court, is not such plaintiff as comes within the meaning of this section of the statute. Whether he should not be styled appellee, and the other party appellant, in the proceedings before the district court, instead of the style by which they were known before the justice of the peace, is at least doubtful. In regulating appeals from a justice’s court to the district court, in articles 716 and 717, Hart. Dig., the party who brings up the appeal is styled the appellant. But admitting that the cause, when brought up to the district court, is, by the usual practice, placed on the docket as it was on the docket below, and the parties named plaintiff and defendant below are styled plaintiff and defendant above;.and although the trial is de novo, and the plaintiff must prove his cause of action, yet the appellant, or the party who brings up the cause, is the real actor in the proceedings. He has given bond to secure the costs, as well as to perform the decree. The other party is passive. The further costs that may be expended will not have been incurred by his agency. H$ was content with the judgment below, and cannot be made to secure the costs of a proceeding prosecuted with *578 out his agency and against his consent.” In Miller v. Holtz, 23 Tex. 138, the same question was elaborately discussed and the same conclusions arrived at. A proceeding by certiorari under our practice has always been held to be but another mode of appeal, that the case may be tried de novo in the upper court. [Moore v. Hardison, 10 Tex. 467; Hill v. Faison, 27 Tex. 428.] The same rules with regard to security for costs in the upper court apply with equal force in the one case as the other, and hence such security cannot be required on an appeal from a justice’s to the county court, in the latter court. The case of the Tex. & Pac. R’y Co. v. Taylor [ante, § 418], in so far as it is in conflict with the practice as above stated, is overruled. The court did not err in refusing the motion to require appellee to give security for costs.
§ 660. Demand of baggage by owner; evidence held sufficient to prove. It is insisted that there was no evidence that appellee, or her agent, ever presented the check for her trunk to appellant’s agent and demanded delivery of the same. Upon this point, appellee, for herself, testified that, upon arriving at Dallas, she gave her check for the trunk to one Hawkins, at whose house she intended stopping, and directed him to get her trunk. Hawkins went to the baggage room and returned, saying ■he could not well get the trunk that night, but would get it in the morning. Early the next morning he went for the trunk, and returned with a trunk which was not hers. She immediately went with Hawkins to appellant’s depot and told the baggage-master that the trunk sent was not hers, and she returned said trunk to him. He told her to look through the baggage room and see if she could find her trunk. She looked, but failed to find it. He said he would telegraph, and that he might be able to find her trunk in a day or two. After that she made-frequent calls at the depot for her trunk, and was always answered that it had not come. This evidence sufficiently establishes the fact, not only that the cheek was. *579 presented, but that the baggage-master had received it, and had delivered the wrong trunk. A proper demand by appellee of her trunk is established by the evidence beyond doubt.
April 22, 1885.
§ 661. Damage; measure of, in case of loss by carrier of second-hand clothing, etc. Appellant contends that the measure of damages in this case was the market value of the goods at the place of destination at the time they should have been delivered to the owner. This is not the measure of damages in the case of second-hand clothing such as sued for in this case. In such case, the goods lost having no special marketable value, but being useful chiefly to the owner, the measure of damage is the value of the things to the owner; the actual loss in money sustained by the owner by being deprived of such articles for his own use. [R. R. Co. v. Nicholson, 61 Tex. 550; ante, § 514.]
Affirmed.