TRINITY COUNTY LUMBER CO. v. CONNER. (No. 5482.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1915. Rehearing Denied June 2, 1915.)

1. JUSTICES OF THE PEACE ☞164—APPEAL—TRANSCRIPT—CERTIORARI.

Where the transcript of a justice's court on appeal to the county court showed what issues were joined and contained all the entries made on the docket, the county court properly refused certiorari.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. ☞164.]

2. APPEAL AND ERROR ☞736—ASSIGNMENT OF ERROR—MULTIFARIOUSNESS.

An assignment of error which is multifarious will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. ☞736.]

3. COSTS ☞246 — APPEAL FROM JUSTICE COURT—COST BOND.

A defendant appealing from an adverse judgment of a justice's court cannot compel plaintiff to give a cost bond where plaintiff was required by the justice's court to give a cost bond which defendant did not attack.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 947–950; Dec. Dig. ☞246.]

4. APPEAL AND ERROR ☞884 — HARMLESS ERROR—ERRONEOUS RULINGS.

A party given opportunity to substitute papers desired by it, but refusing to do so, cannot complain of the action of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3612–3616; Dec. Dig. ☞884.]

5. JURY ☞25—DEMAND FOR JURY.

Where plaintiff suing for current wages converted by defendant and for an attorney's fee and for punitive damages demanded a jury trial, defendant filing an answer and a cross-action could not complain of trial by jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. ☞25.]

6. APPEAL AND ERROR ☞1140 — EXCESSIVE RECOVERY—REMITTITUR.

Where the evidence on appeal from a justice's court sustained a verdict of court for the wages sued for, but there was no evidence of the reasonable value of attorney's fees allowed by Rev. St. 1911, art. 2178, or any evidence authorizing exemplary damages, the judgment allowing attorney's fees and punitive damages will be modified by permitting remittitur of attorney's fees and punitive damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4476; Dec. Dig. ☞1140.]

Appeal from Trinity County Court; C. M. McKinnon, Judge.

Action by Elbert Conner against the Trinity County Lumber Company. From a judgment for plaintiff, defendant appeals. Conditionally affirmed.

R. E. Minton, of Groveton, for appellant. A. M. Campbell and C. H. Crow, both of Groveton, for appellee.

FLY, C. J. This suit was begun in a justice's court by appellee, a minor suing by his next friend, for $46.55, alleged to be due for current wages converted by appellant, as well as an attorney's fee of $20 and $25 for punitive damages. Appellant pleaded general denial and set-off of $35.10, and tendered into court the sum of $11.45. In the justice's court judgment was rendered in favor of appellee for $46.55 and $20 for attorney's fees. The case was appealed to the county court, where the same judgment was rendered, with the addition of $20 as punitive damages.

[1] The first assignment complains of the refusal of the county court to grant a certiorari to the justice's court, and is without merit. The transcript of the justice's court showed what issues were joined between the parties, and the court found, after a comparison of the justice's docket with the transcript, that the latter contained all the entries made on the docket of the justice of the peace. There was no necessity shown for a writ of certiorari. Appellant filed a written answer and cross-action for $150.

[2] The second assignment of error is multifarious and should not be considered. There is no merit in the assignment, however, for the pleadings are sufficient to show a cause of action. The allegations were sufficient to show authority in the mother to prosecute the suit as next friend of the minor. The fourth, eighth, ninth, tenth, and eleventh assignments also attack the pleadings and are overruled.

[3] The third assignment of error complains of the refusal of the county judge to require appellee to give a cost bond. Appellee was required to give a cost bond by the justice of the peace, and could not, in the absence of any attack on that cost bond, be compelled to give another bond. It has been held a number of times, in Texas, that when a defendant in a justice's court appeals to the county court he cannot require the plaintiff to give a cost bond in the county court, even though none was given in the justice's court. Foreman v. Gregory, 17 Tex. 193; Pierce v. Pierce, 21 Tex. 469; Miller v. Holtz, 23 Tex. 138; Taylor v. Brewing Association, 41 S. W. 111; Wells Fargo Ex. Co. v. Bilkiss, 136 S. W. 798.

[4, 5] The fifth and seventh assignments of error fail to point out any error and are overruled. The bill of exception under the fifth assignment shows that appellant was given an opportunity to substitute the papers desired by it, but it refused to substitute, and appellant cannot complain that it was compelled to try its cause before a jury. Appellee demanded a jury, and it did not matter that appellant may not have desired a trial by jury.

The twelfth, thirteenth, and fourteenth assignments of error present no valid ground for reversal and are overruled.

[6] The language of counsel for appellee in his argument to the jury was very improper; but, as the evidence fully sustained the verdict of the jury as to the amount of the wages sued for and the attorney's fees, no injury could have been inflicted except as to the $20 for exemplary damages, and the attorney's fee about which there was no testimony whatever. Article 2178, Rev. Stats., provides for the recovery of "a reasonable amount as attorney's fees" in certain cases not to exceed $20, but in this case there was no evidence of what would be a reasonable attorney's fee, and the allowance of the fee indicates prejudice and passion. This would not affect the amount of the account which was clearly proved in fact by appellant's books.

There is no other point presented requiring consideration, and all other assignments of error are overruled.

If a remittitur of $40 is entered in this court in 20 days, the judgment will be affirmed; otherwise it will be reversed and the cause remanded.