**WESTERN UNION TELEGRAPH COMPANY, Appellant,**

v.

**Roy E. McGINNIS, d/b/a Roy McGinnis & Company, Appellee.**

No. 15264.

Court of Civil Appeals of Texas, San Antonio.

March 20, 1974.

Rehearing Denied April 24, 1974.

Gresham, Davis, Gregory, Worthy & Moore, San Antonio, for appellant.

George A. Rigely, Wayne I. Fagan, Rigely, Schwartz & Fagan, Inc., San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order overruling Western Union Telegraph Company's amended motion to set aside a default judgment and for a new trial. The only question presented by this appeal is whether the trial court erred in overruling the defendant's motion for new trial. The only relief which the defaulting defendant may secure by filing the motion for new trial is a setting aside of the default judgment. The case then pends on the trial court docket for trial on its merits.

This suit was filed by Roy E. McGinnis, d/b/a Roy McGinnis and Company against Western Union Telegraph Company in the district court of Bexar County, Texas, on February 26, 1974. Appellee alleged in his petition that during the month of Decem-

ber, 1972, the Corps of Engineers of the United States Army was taking bids for construction work to be performed at various bases; that he is a contractor who routinely submits bids on like projects to the Corps of Engineers in Fort Worth, Texas; that it is the policy of the Corps of Engineers to permit a previously mailed bid to be subsequently modified by telegram transmitted and delivered to the department prior to the bid closing; that prior to December 29, 1972, appellee submitted a bid to the Corps of Engineers on a project, which bid was properly received and acknowledged by the Corps of Engineers; that on December 29, 1972, appellee contacted defendant's office in San Antonio and was advised that the length of time required to transmit a telegram from San Antonio to be received at the Corps of Engineers' office in Fort Worth was not more than two hours, if they have a Telefax machine; that the Corps of Engineers has a Telefax machine; that he submitted his bid modification to one of defendant's agents by phone at 11:43 AM on December 29, 1972, after notifying such agent of the 2:00 PM December 29th bid deadline; that said agent advised appellee that the said telegram was transmitted by defendant's office at 11:44 AM on December 29, 1972, with instructions on the face of the telegram to be delivered by 2:00 PM; that appellee later discovered that the Corps of Engineers did not receive the telegram until 3:33 PM on December 29; that the purpose of the telegram was to increase appellee's bid by $7,500; that appellee was awarded the construction contract in question on the basis of his prior mailed bid; that under the Corps of Engineers regulations, had appellee's telegraphic bid modification arrived by 2:00 PM, that appellee would still have been awarded the contract in question with an increase in bid price of $7,500; that as a result of the failure of defendant to timely deliver the telegram, he suffered damages in the amount of $7,500.

Citation was served on defendant's agent for service in Dallas, Texas, on March 2, 1973. On March 26, 1973, a default judgment was entered in favor of appellee against defendant in the amount of $7,500. On April 5, 1973, defendant filed a motion to set aside such default judgment and for a new trial; and on April 24, 1973, defendant filed its amended motion to set aside default judgment and for new trial. On June 5, 1973, the trial court, after hearing on such motion, overruled such amended motion.

Defendant's amended motion to set aside such default judgment asserts: (1) the judgment is contrary to the law; (2) the judgment is contrary to the evidence; (3) the amount of damages awarded is excessive; (4) there was no lack of diligence of defendant in permitting the default judgment to be rendered and that the failure to answer and defend the suit was not intentional on defendant's part, nor was it a result of conscious neglect; (5) that the failure to cause an answer to be timely filed was the result of the loss in the mail of the citation which was posted by the defendant's attorney in defendant's principal office in the state of New Jersey to its local attorneys in San Antonio, Texas; (6) that the granting of a new trial in this cause will not injure plaintiff nor cause unreasonable delay in rendering such judgment as is fair and equitable between the parties; (7) that defendant has a good and meritorious defense to the cause of action alleged in plaintiff's petition in that (a) defendant did not guarantee delivery of the message within the time alleged by plaintiff; (b) defendant did not guarantee delivery of such message within any specific time; (c) the message was in fact delivered within the period of time that defendant would normally deliver such messages; and (d) the Federal Communications Commission tariffs and the contract under which defendant operates limits the defendant's liability to a maximum of $500.

There are attached to such motion and made a part thereof two affidavits. One is by Peter J. Monaghan, Esq., who deposed and said: (1) that he is the assistant

general attorney for defendant in this matter and is authorized to make such affidavit, and that such affidavit is made from personal knowledge of the facts set forth therein; (2) that such suit was filed on February 26, 1973, and service made on defendant's agent on March 2, 1973, in Dallas, Texas; (3) that on March 6, 1973, the plaintiff's original petition and citation was received by him on behalf of defendant, and that on March 7, 1973, he transmitted the same by air mail letter to Gresham, Davis, Gregory, Worthy & Moore, attention Mr. Bond Davis, at their office address in San Antonio, Texas; (4) that this letter was posted in the usual course of business with proper postage and properly addressed in the regular United States mail; (5) that the granting of a new trial will not injure the plaintiff, nor cause an unreasonable delay, and that defendant is willing and has instructed the trial counsel, Bond Davis, to agree to an early trial and also to pay all costs that may be accrued as a result of the default judgment; (6) that defendant has a meritorious defense to the cause of action alleged by plaintiff's petition, in that (a) defendant's agent who received the message from the plaintiff expressly advised said plaintiff that delivery of the message in question was not guaranteed by or before 2:00 PM on December 29, 1973; (b) both the Federal Communications Commission tariffs and the contract under which defendant operates limits the defendant's liability to a maximum of $500; (c) the normal time within which the message should have been delivered was four hours, and the message was in fact delivered within such period of time.

The other affidavit was made by Bond Davis, who deposed and said: (a) that he is a partner in the firm of Gresham, Davis, Gregory, Worthy & Moore; (b) that he has read defendant's amended motion, and the matters and facts therein set forth are true and correct to the best of his knowledge and belief; (c) that the letter referred to in said motion was not received by his office; and (d) that the first information which he received was a telephone call from Peter J. Monaghan on April 2, 1973, concerning the law suit and the default judgment entered therein.

The testimony given at the hearing in support of such motion may be summarized as follows: (a) the telegram involved was introduced into evidence as Defendant's Exhibit # 5. In addition to the information hereinabove discussed increasing the bid in the amount of $7,500, such telegram contains a handwritten notation thereon "Deliver by 2 PM" and another handwritten notation thereon "Did not guarantee 2 PM delivery"; (b) there was also introduced into evidence a copy of the letter from Peter J. Monaghan to Gresham, Davis, Gregory, Worthy and Moore dated March 7, 1973, stating that there is enclosed in such letter Plaintiff's Original Petition and Citation which was served on defendant's corporate agent on March 2, 1973; (c) a copy of portions of the tariff filed with the Federal Communications Commission and properly certified to by the Commission, relied upon by appellant to support its alleged defense that the maximum liability for mistakes or delays in transmission or deliver would be $500, was introduced as an exhibit. The applicable portion reads as follows:

"(1) The Telegraph Company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any message received for transmission at the unrepeated message rate beyond the sum of five hundred dollars; nor for mistakes or delays in the transmission or delivery, or for non-delivery, of any message received for transmission at the repeated rate beyond the sum of five thousand dollars, unless specially valued; nor in any case for delays arising from unavoidable interruption in the working of its lines."

Mrs. Bernice Hays testified that she was the employee of the defendant who took the message here involved by telephone from plaintiff, and that she recorded it as

it was dictated to her over the telephone (Defendant's Exhibit # 5); that the handwritten notation thereon was in her own handwriting and that at the bottom of the message she made a note "Did not guarantee 2 PM delivery," and that in the address portion she added "Deliver by 2 PM"; that they do not guarantee deliveries within two hours of the message; that if she was asked whether the message was to be delivered by 2 PM her answer would have been "we do not guarantee it"; that she did not know why it took more than two hours for the telegram to arrive in Fort Worth; when asked how long it would normally take to deliver such a message to Fort Worth, she answered that it could take up to four hours; that even if a message was given top priority, it could take up to four hours.

■ Both parties acknowledge that the correct rule applicable to a motion for new trial which seeks to set aside a default judgment is set forth in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S. W.2d 124 (1939), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

An excellent discussion of the *Craddock* case and the applicable rules in default judgments is found in Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966), where it is stated:

"The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up' a meritorious defense.' In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. . . . The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. (Cases cited) This much is necessary to prevent the reopening of cases to try out fictitious or unmeritorious defenses. But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings."

■ Broad generalizations are found in earlier cases indicating that appellate courts should intervene only where there has been a clear abuse of discretion in refusing the motion, but recent opinions indicate that the discretion should be exercised somewhat liberally in the light of the guiding principal that new trials should be allowed freely when basic requirements are met. 4 McDonald, Texas Civil Practice, New Trial, Section 18.10.1B., p. 266 et seq. (1971 rev.); Ward v. Nava, 488 S.W.2d 736 (Tex.1972); Republic Bankers Life Insurance Company v. Dixon, 469 S.W.2d 646 (Tex.Civ.App.—Tyler 1971, no writ); Iley v. Reynolds, 319 S.W.2d 194 (Tex. Civ.App.—Beaumont 1958, writ ref'd n. r. e.).

Tested by the rules of *Craddock* and other authorities herein cited, the record shows clearly that failure of the defendant and its counsel to answer and appear for the trial was not intentional, or the result of conscious indifference. . Nor was there any evidence that the granting of the motion for new trial in this case would cause an unreasonable delay in bringing this case to trial or in any manner prejudice the plaintiff's cause of action. A closer question is presented as to whether such motion sets up a meritorious defense. Considering the entire record, including the motion to set aside the default judgment and for a new trial, the supporting affidavits at-

tached thereto, and the other evidence adduced at the hearing on such motion, it is our opinion that a meritorious defense was set up; that the motion alleged facts which, in law, would constitute a defense to the plaintiff's cause of action and is supported by affidavits and other evidence proving prima facie that the defendant had a meritorious defense.[1]

We hold under the record that the trial court abused its discretion in failing to grant defendant's motion for new trial. The judgment of the trial court is reversed and the cause is remanded for a trial on the merits.

1. Such motion and supporting affidavits and the other evidence sets up defensive fact issues in three general areas (a) whether or not defendant guaranteed delivery by 2 PM; (b) whether such message was delivered in a normal period of time; (c) whether there was a limitation of defendant's liability.