Oscar **TORRES**, Appellant,

v.

**CASSO–GUERRA & COMPANY**, Appellee.

No. 15322.

Court of Civil Appeals of Texas, San Antonio.

July 3, 1974.

Rehearing Denied July 30, 1974.

Goodstein, Semaan & Bashara, San Antonio, for appellant.

Adams, Graham, Lewis, Jenkins, Jones & Graham, McAllen, for appellee.

BARROW, Chief Justice.

This is an appeal from an order overruling appellant's motion for a new trial after a "default" judgment was rendered for $34,168.10 in appellee's suit against its former employee for conversion of moneys collected by appellant.

Appellant urges three assignments of error. He first complains of the court's refusal to grant his timely motion for new trial wherein he demonstrated a lack of notice of the setting, a meritorious defense and that the granting of a new trial would occasion nó unjust delay. His second point asserts error of the court in removing the case from the jury docket without notice to appellant. The third point complains of the court's pretrial procedures.

The parties will be referred to herein as in the trial court. Plaintiff operates a wholesale grocery business. In 1970, defendant was employed by plaintiff as a salesman/collector and generally called on small grocery stores for the purpose of selling goods and collecting payments for purchased goods. It was alleged that in August of 1970, plaintiff became aware that a number of purportedly delinquent accounts had actually been paid to defendant by the merchants and the moneys converted to defendant's own use and benefit. On July 3, 1972, plaintiff filed this suit seeking damages in the amount of $36,168.-10 for said alleged conversion. The claim is not itemized in any way. A general denial was filed on behalf of defendant by Fred A. Semaan, Esq. On December 20, 1972, plaintiff filed a demand for a jury and requested a setting of the case.

The 111th District Court of Webb County has adopted local rules pursuant to the provisions of Rule 817, Texas Rules of Civil Procedure, to control the setting of cases and other procedure in said court. The jury terms consist of three-week periods beginning on the second Monday in March, May, September and November. Non-jury cases are usually set on Monday and Tuesday of every week other than jury weeks. All contested jury and non-jury cases are set for trial pursuant to the following procedure. No contested case can be set for trial sooner than four months from the day the case is filed. After this period, any party may set a case by delivering a motion to the district clerk requesting a specific setting; the party must immediately mail a copy of the motion to the adverse party or his attorney of record; and the presiding judge shall automatically grant the motion to set the case on such date unless the adverse party appears in person or by writing to object to said requested setting. The date requested for trial shall be at least thirty days after filing the motion and not more than ninety days thereafter.

The local rules further provide that within the thirty-day period preceding the jury calendar, at which the case is set for trial, the presiding judge will utilize the provisions of Rule 166, T.R.C.P., to direct the attorneys to appear for a pretrial conference to consider those matters set forth in said Rule 166.[1] In addition, all jury cases set for trial during the term shall be called on the Friday prior to the second Monday of the jury term docket calendar to determine if they are actually ready to proceed to trial. In actual practice, the presiding judge requires one or more pretrial conferences in all jury cases. The first pretrial is held on the Friday which is thirty days from the beginning of the jury calendar. Successive pretrials are held each Friday thereafter until the judge determines that the case is "packaged and ready to go." Thus, up to four pretrials are held in each case plus the docket call.

In accordance with this procedure and practice, the district clerk replied to plain-

---

1. For use of pretrial conference, see University of Texas: Judicial Efficiency, 49 Texas L. Rev. 709–710 (1971).

tiff's letter of December 20th requesting a jury setting by advising both counsel that the case would be set for trial on March 12, 1973, and the first pretrial would be set for February 9th. Mr. Semaan immediately wrote the judge and advised that he had a murder case set for trial on March 12th and suggested a setting in early April. In reply, the clerk wrote both counsel that the judge had passed the case pursuant to Mr. Semaan's request, and it was set for the second Monday in May with the pretrial set for April 13, 1973. The pretrial conference was not held at this time,[2] and on May 2, 1973, plaintiff's attorney wrote and requested setting for September 10, 1973, with pretrial for August 10th. A copy of this request went to Mr. Semaan, and he immediately wrote the judge and advised him that he would be on vacation in Colorado from July 10th to August 20th, and could not be present for a pretrial hearing on August 10th. In response to this letter, the judge wrote Mr. Semaan, with a copy to plaintiff's attorney, and directed that the case be set for the first pretrial hearing on August 24th at 10:00 a. m. The district clerk apparently overlooked this letter and subsequently sent out a formal letter notifying counsel of the pretrial hearing on August 10th. Mr. Semaan's secretary wrote the clerk and advised that the judge had specifically set the pretrial for August 24th at 10:00 a. m.

Mr. Semaan testified at the hearing on the motion for new trial that he originally planned to return from Colorado to San Antonio on August 20th, but that he was then suffering from a sinus attack which was so bad that it affected his vision and he couldn't drive a car. Therefore, on the afternoon of August 23rd, Mr. Semaan telephoned his secretary and directed her to telephone Judge Salinas in Laredo and advise him of this situation. No one answered at Judge Salinas' office, so the secretary was directed by Mr. Semaan to write a special delivery letter to Judge Salinas. This letter was not received by Judge Salinas until after noon on the 24th. In the meantime, the pretrial was called at 10:00 a. m. with only plaintiff's attorney present. The absence of defendant's attorney presented a dilemma in that plaintiff's attorney was pressing for trial, but the judge had a firm policy of requiring a pretrial conference before a jury trial. This dilemma was resolved with plaintiff's attorney writing out in longhand at this pretrial hearing a motion to withdraw his request for a jury trial, and, thereupon, the judge set the case for non-jury trial on August 28, 1973, at 10:00 a. m.

Neither Mr. Semaan, nor defendant, was notified of this setting and neither appeared at the trial on August 28, 1973. Judgment was rendered at the conclusion of this hearing for plaintiff for the sum of $34,168.10, and plaintiff's attorney was directed to prepare a written judgment for entry by the court.

Around the first of September, 1973, Mr. Semaan telephoned Judge Salinas to request a letter advising the judge of the 175th District Court of Bexar County of the September 10th setting in Laredo so as to resolve a conflict with an extradition hearing set in the 175th District Court. At this time Mr. Semaan learned of the August 28th trial and oral pronouncement of judgment. On September 6th, a conference was held between Mr. Semaan, plaintiff's attorney and the court wherein Mr. Semaan explained his absence and requested the court to set aside the oral pronouncement. He announced his readiness to try the case on September 10th as previously contemplated. This request was denied by Judge Salinas on November 19, 1973, by a letter setting forth various findings of fact and conclusions of law. The judgment for plaintiff was signed on this date. A full motion for new trial, support-

---

2. Mr. Semaan testified that the May setting was passed because the attorney handling the case for plaintiff had recently left the firm, and no other attorney in the firm was then familiar with the case. The judge found that the setting was passed because Mr. Semaan did not appear at the April pretrial conference.

ed by affidavits of defendant and Mr. Semaan, was filed and a hearing was subsequently held on this motion wherein the above facts were developed. An appeal has been timely perfected from the overruling of same.

◼ The applicable rule for granting a new trial in this type situation is set forth in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

See also: Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966); Western Union Telegraph Company v. McGinnis, 508 S.W.2d 147 (Tex.Civ.App.—San Antonio 1974, no writ); Abercia v. First National Bank of San Antonio, 500 S.W.2d 573 (Tex.Civ. App.—San Antonio 1973, no writ); Kirk v. Farmers Aerial Spraying Service, Inc., 496 S.W.2d 739 (Tex.Civ.App.—Amarillo 1973, no writ).

◼ While we do not condone Mr. Semaan's failure to secure a postponement of the scheduled August 24th pretrial hearing or to be represented at such time, either personally or by an associate counsel, it cannot be said that his absence at the August 28th trial of the case on the merits was intentional or the result of conscious indifference on his or defendant's part. Neither were notified of this setting. The local rules of the 111th District Court provide that notice of a setting of all contested jury or non-jury cases shall be given opposing counsel by certified mail, return receipt requested. This was not done in this case. Rule 72, T.R.C.P., requires counsel to deliver or mail to the adverse party or his attorney of record a copy of any motion filed in said cause. This was not done here. Furthermore, Mr. Semaan had every reason to believe that the case was set for September 10, 1973, and was entitled to a notice of any change in this setting.

A more difficult question is raised by the requirement that the motion for new trial "set up a meritorious defense." An affidavit was filed by defendant wherein he denied that he had converted the sum of $36,168.10 belonging to plaintiff. More specifically he averred: "If I am guilty of taking any [money] belonging to the Plaintiff it was at the very most no more than $12,000.00." He further averred that he had signed ledger sheets acknowledging that he had taken money belonging to the plaintiff solely upon the representation of plaintiff's president that he could keep his job and no charges would be filed if he did so. He also averred that plaintiff's accountant had acknowledged that defendant had not taken the sum of money asserted in said petition.

The test for setting up a meritorious defense was described by the Supreme Court in Ivy v. Carrell, supra, as follows:

"The rule of Craddock does not require proof of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous that the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. . . . The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.

. . . This much is necessary to prevent the reopening of cases to try out fictitious or unmeritorious defenses. But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings."

Defendant alleged a meritorious defense to the claim for $36,168.10 when he asserted that he did not owe more than $12,000.-00. Western Union Telegraph Company v. McGinnis, supra. He did not set forth the factual details to show the basis for this difference in that he did not point out which items in the claim were admitted and which items were denied. However, it is seen that plaintiff's petition does not break down the claim or itemize same in any manner. It would be difficult, if not impossible, for defendant to specifically reply to the many items set forth on the seven ledger sheets unless such sheets were before him. In this situation, we conclude that defendant has set up a meritorious defense to plaintiff's claim here for conversion of the sum of $36,168.10.

The motion for new trial was clearly filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff. A conference was held on September 6th following the August 28th trial. At this time, defendant announced through his attorney that he was ready for trial on September 10th. There is no showing that such delay would have harmed plaintiff in any manner.

The motion for new trial was timely filed following entry of the written judgment and should have been granted under the *Craddock* rule. The trial court, therefore, erred in overruling same. Such error requires a reversal of the judgment and remand of the cause for trial on the merits. It is, therefore, unnecessary to consider the other two points asserted herein.

The judgment of the trial court is reversed, and the cause remanded to the trial court for trial on the merits.