**Susan B. McCARTHY, Appellant,**

**v.**

**William L. JESPERSON, Appellee.**

**No. 6447.**

Court of Civil Appeals of Texas, El Paso.

Sept. 17, 1975.

Rehearing Denied Oct. 15, 1975.

Gade, Schwarzbach & Marsh, Herbert E. Marsh, Jr., El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, J. F. Hulse, El Paso, for appellee.

### OPINION

OSBORN, Justice.

This is an appeal under Rule 329, Tex.R. Civ.P., from a judgment rendered on service by publication where the Appellant did not appear or make answer in the trial Court. We reverse and remand for a trial on the merits.

The Appellee filed suit alleging that the parties hereto were married on December 10, 1969, and divorced in New Mexico on April 11, 1972. He further alleged that prior to such marriage he had created a trust for his three children and placed a tract of land in Eastwood Heights in the City of El Paso in the trust estate. He further alleged that in June, 1970, the Eastwood Heights property was sold and that the proceeds of the sale were used to purchase another tract of land on Cork Street in El Paso, and that this tract became impressed with said trust with the children as beneficial owners, even though the parties hereto were named as grantees in that deed. He also alleged that the divorce decree divided the community property but made no mention of the land on Cork Street which allegedly was held in trust. The petition sought to divest Appellant of any title or interest she might have in the property claimed to be held in trust.

Although the petition alleged Appellant resided in Canoga Park, California, citation was directed to her at Sherman Oaks, California. It was returned unserved. Based upon Appellee's affidavit that Appellant's whereabouts was unknown, she was cited in a citation by publication. No answer was filed and on May 24, 1974, a default judgment was entered divesting all of Appellant's interest in the tract of land on Cork Street in Appellee, subject to the terms of the trust for his children. That judgment contains the following recital:

"* * * the Defendant SUSAN B. McCARTHY, although duly served by citation by publication in the manner and for the time provided by law, and having been required thereby to appear and answer on April 29, 1974, has not answered herein, and did not appear, and has wholly made default herein, whereupon the Court granted Plaintiff's motion for default judgment, subject to the evidence to be offered supporting the said judgment. * * *"

On July 19, 1974, Appellant filed a Motion for New Trial to which there is attached an affidavit of counsel concerning Appellant's address in California and Appellee's acquaintance with persons who knew her address. The unsworn petition alleges that "* * * . Defendant has a good and meritorious defense to Plaintiff's cause of action and that she will prove that the house in question, located at 10038 *Court* Street, El Paso, Texas, was the community property of the marriage between herself and the Plaintiff, and that she does have a legal and equitable interest in said real property." The narrative Statement of Facts filed herein shows that at the hearing on Motion for New Trial Appellant testified concerning her address in California, her complete lack of knowledge of this suit until after judgment, and that the residence on Cork Street was purchased during her marriage to Appellee and that she claims a vested interest in such property. Appellee offered no testimony at the hearing.

■ There is no procedure in Texas for a default judgment following service by publication. The trial Court failed to comply with the provisions of Rule 244, Tex.R. Civ.P., in this case. There was no appointment of an attorney to defend the case and no statement of the evidence was approved and signed by the judge. In a direct appeal, this constitutes reversible error. *Villegas v. Shane-Michael Optical Company*, 443 S.W.2d 571 (Tex.Civ.App.—El Paso 1969, no writ).

■ Under Rule 329, the defendant must show "good cause" in order to be entitled to a new trial. The two elements of good cause are lack of actual knowledge of the suit prior to rendition of the judgment and a meritorious defense. *Dennis v. McCasland*, 128 Tex. 266, 97 S.W.2d 684 (1936); *Smith v. United Gas Pipe Line Co.*, 149 Tex. 69, 228 S.W.2d 139 (1950); McDonald, Texas Civil Practice, Vol. 4, § 18.23.2; Huffman & Mockford, Setting Aside Judgments Against the Absent Defendant, 37 Texas L.Rev. 208, 212 (1958).

■ Appellant's lack of knowledge of this suit until after judgment was entered

is not rebutted or questioned. We believe the pleading and sworn testimony set up a meritorious defense. Admittedly the property was acquired during marriage and deeded to the Appellant and Appellee as grantees. This alone would raise a presumption that it was jointly owned community property in which Appellant would have an interest. In passing on the Motion for New Trial and the sufficiency of the evidence to support it, courts should exercise liberality in favor of a defaulted party having a day in court. *Hunsinger v. Boyd,* 119 Tex. 182, 26 S.W.2d 905 (1930); *Western Union Telegraph Company v. McGinnis,* 508 S.W.2d 147 (Tex.Civ.App.—San Antonio 1974, no writ).

Appellee strongly urges that the Motion for New Trial does not allege "facts" which constitute a meritorious defense as required under the holding in *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966). We agree that the pleading is certainly no model form and that it could have more precisely stated the basis for Appellant's claimed interest. Nevertheless, the reply thereto contained no exception to the allegations and apparently no objection was made to the evidence offered in support of the contention. We conclude that the pleading and proof "sets up a meritorious defense." *Torres v. Casso-Guerra & Company,* 512 S.W.2d 777 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.).

The trial Court abused its discretion in denying Appellant's Motion for a New Trial. *Western Union Telegraph Company v. McGinnis,* supra. The judgment of the trial Court is reversed and the cause is remanded for a new trial.