In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-238 CV


____________________



PEGGY S. JONES, Appellant



V.



DENNIS L. JONES, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 26,884






MEMORANDUM OPINION


 In this restricted appeal, Peggy Jones appeals a divorce decree entered by default in
Jasper County in favor of appellee Dennis Jones. Peggy asserts the trial court erred in
granting the default judgment where citation was by publication and no statement of evidence
was filed as part of the record. We reverse and remand.

 Dennis filed a pro se petition for divorce listing a specific residence for Peggy in
Louisiana. His petition includes a request that citation and notice issue as required by law. 
Six days later, he filed an "Affidavit for Citation by Publication" stating Peggy's residence
was unknown to him and that he exercised due diligence to locate her, but was unable to do
so. The trial court approved Dennis's request for citation by publication. (1) The record
includes the Jasper County District Clerk's return stating that the citation was posted in the
Jasper County Courthouse. The record also includes an affidavit by the publisher of The
Jasper Newsboy, stating that The Jasper Newsboy included the citation in its publication for
a consecutive week. Peggy did not file an answer. On January 20, 2006, the trial court
entered by default a final divorce decree. On June 1, 2006, Peggy filed her Notice of
Restricted Appeal. 

 To successfully attack a default judgment by restricted appeal, an appellant must (1)
file notice of the appeal within six months after the final judgment is signed; (2) be a party
to the suit; (3) not have participated at trial; and (4) show error apparent from the face of the
record. Tex. R. App. P. 26.1(c), 30; Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004). No
presumptions are made in favor of valid service in a restricted appeal from a default
judgment. Wachovia Bank of Del., N.A. v. Gilliam, 215 S.W.3d 848, 850 (Tex. 2007).

 Error on the face of the record is the only element at issue in this appeal. Peggy
contends that error is apparent on the face of the record because of the trial court's failure
to approve, sign, and file a statement of evidence as required by section 6.409 of the Texas
Family Code. See Tex. Fam. Code Ann. § 6.409 (Vernon 2006). She argues that absent a
statement of evidence, she is unable to confirm that the trial court inquired into the
sufficiency of the diligence exercised in attempting to ascertain, for service purposes, her
whereabouts. Section 6.409 governs citation by publication in divorce cases and provides
the following:

 § 6.409 Citation by Publication

 (a) Citation in a suit for dissolution of a marriage may be by publication
as in other civil cases, except that notice shall be published one time only.


 . . . .


 (e) If the petition or the petitioner's attorney of record makes an oath
that no child presently under 18 years of age was born or adopted by the
spouses and that no appreciable amount of property was accumulated by the
spouses during the marriage, the court may dispense with the appointment of
an attorney ad litem. In a case in which citation was by publication, a
statement of the evidence, approved and signed by the judge, shall be filed
with the papers of the suit as part of the record.


Id. 


 Because section 6.409(a) states that citation in a divorce suit may be by publication
"as in other civil cases, except that notice shall be published one time only[,]" we also
consider Texas Rule of Civil Procedure 244 which applies where citation is made by
publication. See Tex. R. Civ. P. 244. Rule 244 has a requirement similar to section
6.409(e)'s "statement of evidence" requirement where service has been made by publication
and the defendant has failed to appear:

 Where service has been made by publication, and no answer has been filed nor
appearance entered within the prescribed time, the court shall appoint an
attorney to defend the suit in behalf of the defendant, and judgment shall be
rendered as in other cases; but, in every such case a statement of the evidence,
approved and signed by the judge, shall be filed with the papers of the cause
as a part of the record thereof. The court shall allow such attorney a
reasonable fee for his services, to be taxed as part of the costs. 


Tex. R. Civ. P. 244. In essence, Rule 244 provides two procedural safeguards where service
has been made by publication and no answer has been filed or appearance made: (1) the trial
court must appoint an attorney to defend the suit and (2) a statement of the evidence,
approved and signed by the judge, must be filed as part of the record. See id. 

 Peggy argues the second sentence in section 6.409(e) of the Texas Family Code
applies here. We agree. Although the petition states there are no children under 18 born or
adopted by the spouses, there is no oath "that no appreciable amount of property was
accumulated by the spouses during the marriage," and the petition sets out marital property
to be divided by the court. Because service was made by publication, Peggy failed to answer,
and there is no oath described above, the trial court was required under section 6.409(e) and
Rule 244 to (1) appoint an attorney on Peggy's behalf to defend her suit and (2) approve and
sign a statement of evidence to be filed as part of the record. See Tex. R. Civ. P. 244; Tex.
Fam. Code Ann. § 6.409(e). As with court decisions requiring compliance with Rule 244's
requirements, we find failure to comply with either of these requirements under section
6.409(e) constitutes reversible error. See Montgomery v. R.E.C. Interests, Inc., 130 S.W.3d
444, 447 (Tex. App.--Texarkana 2004, no pet.); Isaac v. Westheimer Colony Ass'n, 933
S.W.2d 588, 591 (Tex. App.--Houston [1st Dist.] 1996, writ denied); Albin v. Tyler Prod.
Credit Ass'n, 618 S.W.2d 96, 98 (Tex. Civ. App.--Tyler 1981, no writ); McCarthy v.
Jesperson, 527 S.W.2d 825, 826 (Tex. Civ. App.--El Paso 1975, no writ); Villegas v. Shane-Michael Optical Co., 443 S.W.2d 571, 572 (Tex. Civ. App.--El Paso 1969, writ dism'd by
agr.). 

 Because the record in this case does not contain a statement of the evidence as
required by Rule 244 and section 6.409(e), the record contains error on its face and we
sustain Peggy's sole issue on appeal. The trial court's decision probably caused the rendition
of an improper judgment. See Tex. R. App. P. 44.1. The judgment of the trial court is
reversed and the cause remanded for new trial. 

 REVERSED AND REMANDED.


 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on February 23, 2007

Opinion Delivered August 16, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.


1. See Tex. R. Civ. P. 109.