**BROWN et al. v. TYNER et al.    (No. 8853.)**

(Court of Civil Appeals of Texas. Galveston. May 5, 1926.)

**I. Appeal and error ⚙⇒977(3).**

Appellate court should not interfere with trial court in exercise of discretion in granting

new trial under Rev. St. 1925, art. 2249, unless such discretion has been clearly abused.

**2. New trial ⚙⇒72.**

Granting new trial on ground that verdict was against weight of testimony should be largely discretionary with trial judge.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Application of Mrs. Emma N. Tyner and another for the probate of the will of Elizabeth C. Johnson, deceased, contested by Mrs. M. B. Brown and another. From a judgment of the district court setting aside a decree refusing probate of the will and granting a new trial, contestants appeal. Affirmed.

L. B. Moody and Boyles, Brown & Scott, all of Houston, for appellants.

Cole, Cole & O'Connor and Robert L. Cole, all of Houston, for appellees.

LANE, J. Mrs. Emma N. Tyner filed in the county court of Harris county her application for the probate of the will of her mother, Elizabeth C. Johnson, deceased. Mrs. M. B. Brown, the only other daughter and only other child of Mrs. Johnson, filed her contest of such application upon the grounds (1) that, at the time of the execution of the will, Mrs. Johnson was of unsound mind and without testamentary capacity, and (2) that she was induced to make the will by the exercise of undue influence over her by proponent.

The will was admitted to probate in the county court, and the cause was carried by appeal to the district court. Upon a trial before a jury in the district court upon special issues, the jury found that Mrs. Johnson was not, at the time the will was executed, of sound and disposing mind and memory, and that the will offered for probate was made under undue influence. The court thereupon entered a decree refusing the probate of the will.

In due time proponent filed her motion for a new trial, and among other things, alleged in various forms that the findings of the jury in answer to the special issues submitted were unsupported by any evidence, and that such findings were so against the great weight and preponderance of the evidence as to be manifestly wrong.

Upon presentation of the motion, the court granted the same, and set aside the decree theretofore rendered refusing the probate of the will. From the order granting the new trial, contestant has appealed.

The only question at issue here is whether or not the trial court so abused its judicial discretion in granting proponent a new trial as to require at our hands a reversal of the order granting such new trial.

The law of this state (article 2249 of the Revised Civil Statutes 1925), granting appeals from orders of the trial court granting new

trials, is a new law passed in 1925, and, as there was theretofore no appeal allowed from such orders, we have been unable to find any decisions of any of our Courts of Appeals deciding the question here presented, but it seems that in the state of Missouri the law· has for some time authorized appeals from such orders, and in Reid v. Piedmont & Arlington Life Ins. Co., 58 Mo. 429, 430, cited with approval by the Supreme Court of Missouri in Littig v. ·Urbauer-Atwood Heating Co., 292 Mo. 226, 237 S. W. 779, it is said:

"Constant complaints are reaching us that in some of the circuits the rule adopted here is followed, and that the judges consider themselves bound thereby. But this is founded in an entire misapprehension. The trial courts have opportunities which we have not. In witnessing and presiding over the trial, they are put 'in possession of facts which we cannot possibly attain. They see the witnesses, can form an opinion respecting their veracity, can observe whether they are biased or prejudiced, can notice their willingness or unwillingness, and a great many other circumstances which it is impossible to transfer to paper. They can also form a correct conclusion as to whether any improper influences operated on the jury in producing the verdict. All these considerations render it peculiarly proper that the question of granting new trials, on account of the verdict being against the weight of testimony, should be exclusively exercised by the court trying the cause, *and where the trial court is of the opinion that the verdict is not supported by the evidence, or is against the weight of evidence, it should never hesitate in exercising the power and giving the aggrieved party a new trial.*" (Italics ours.)

In the Littig Case many cases are cited in support of the rule stated in the above quotation. See Carnie v. Toll (Mo. Sup.) 281 S. W. 41.

[1] It is a well-settled rule of law in this state that the appellate courts should not interfere with the trial court in the exercise of his discretion in refusing motions for new trials unless it be made clearly to appear that such discretion has been abused, and we can see no good reason why, since appeals are allowed by the act of the Legislature of 1925 from orders granting motions for new .trials, a different rule should apply. It is evident, we think, that it was the purpose of the Legislature, in amending the law relative to appeals, authorizing appeals from orders of trial courts granting motions for new trials, to confer upon the appellate court the same, and only the same, powers to review the action of the trial court in granting motions for new trial· as had theretofore been conferred upon appellate courts to review the action of trial courts in refusing motions for new trial. ·

[2] This being true, it may well be said, as was said by the Missouri court, that the trial courts have opportunities which appellate courts have not; that in presiding over the trial they are put in possession of facts which appellate courts cannot possibly attain; that seeing the witnesses they form opinions respecting their veracity, can observe whether they are biased or prejudiced, etc.; that all these considerations render it peculiarly proper that the question of granting new trials on account of the verdict being against the weight of testimony should be largely left to the discretion of the trial judge.

After reading and carefully considering the evidence in the present case, we are of the opinion that the trial court was fully justified in granting a new trial on the ground that the findings of the jury were so against the weight and preponderance of the evidence as to be manifestly wrong.

In view of another trial, we have refrained from making a detailed discussion of the evidence. ·

For the reasons above expressed, the judgment is affirmed. ·

Affirmed.