1. **Intoxicating liquors** ⬅146(1)—Defendant held guilty of sale of intoxicating liquor, where buyer drank defendant's whisky, paying him for proportionate part consumed.

Where defendant led witness to place where whisky was concealed, giving bottle to witness, who consumed part of whisky, defendant, receiving money from witness, *held* guilty of sale of intoxicating liquor, regardless of whether witness bought bottle of whisky directly and by agreement, or paid merely for proportionate part of that used.

2. **Criminal law** ⬅741(1), 742(1)—Credibility of witness, and weight of testimony, is for jury.

Credibility of witnesses, and weight to be given their testimony, is for jury.

Appeal from District Court, Polk County; J. L. Manry, Judge.

D. Clark was convicted of selling intoxicating liquor, and he appeals. Affirmed.

Rowe & Rowe, of Livingston, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Polk county of the unlawful sale of intoxicating liquor; punishment, one year in the penitentiary.

[1] We have here a case in which the accused testifies positively that certain whisky was his; that it had been left for him at a place where it had often been left before by a negro. The last words spoken by him when a witness were, "The whisky was mine." It appears that after same had been so left one Richardson and another suggested to appellant that they wanted something to drink, and were informed by him that he knew where they could get it. He piloted them to the place where two quarts of whisky were concealed behind a log. The whisky was then carried back to a fire, where part of it was consumed, and that left in one bottle was carried away by Richardson, who swears positively that he paid appellant $3 for a bottle of said whisky, or for his part of the expense of the party. These facts make out a plain case of sale of the whisky. We see no need for an instruction defining a sale. If Richardson bought directly and by agreement one bottle of appellant's whisky, or if the party drank appellant's whisky, and Richardson paid him for a proportionate part of that used, in either event this would be a sale. The court told the jury that, in order to convict, they must believe beyond a reasonable doubt that appellant sold intoxicating liquor to Richardson.

[2] The refusal of special charges, in effect that, if the money was paid to appellant as Richardson's part of the expense of a drinking party, etc., was in no sense erroneous. One may not invite his friends to a drinking party in this state wherein he furnishes liquor belonging to him, and each or all the others pay him for their part, or a proportionate part of the whisky consumed. Such conduct would be a violation of the law. Appellant denied receiving any money from Richardson. Appellant's attorneys obtained from Richardson a written statement, deemed by them contradictory of his testimony as given on this trial, a part of which was introduced in evidence. The credibility of the witnesses and the weight to be given their testimony were for the jury.

Finding no error in the record, the judgment will be affirmed.

---

## WILLIAMS v. POOL. (No. 7069.) *

(Court of Civil Appeals of Texas. Austin. Jan. 26, 1927. Rehearing Denied Feb. 9, 1927.)

1. **Appeal and error** ⬅854(6)—Order granting new trial without indicating reasons will be sustained, if sustainable on any ground.

Where order granting motion for new trial does not indicate grounds upon which it was granted, Court of Civil Appeals will sustain the order, if it can be done on any ground stated in the motion for new trial.

2. **Appeal and error** ⬅867(1)—Rules in reviewing refusal of new trial under old statute are applied in reviewing granting of new trial under new statute (Rev. St. 1925, art. 2249).

Under Rev. St. 1925, art. 2249, authorizing appeals from orders granting motions for new trials, the same rules are to be followed in reviewing orders granting such motions as were previously followed in reviewing orders refusing new trial under the old statute.

3. **Appeal and error** ⬅979(1)—Granting or refusing new trial will not be reviewed unless discretion is clearly abused, and when issue is on evidence, action must be contrary to clear preponderance of evidence.

The granting or the refusing of new trial is largely within the discretion of the trial court and will not be reviewed unless discretion is clearly abused, which, when the issue is on evidence, requires that trial court's action be contrary to clear preponderance of the evidence.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Action by Floyd Pool against T. M. Williams. Judgment was rendered for defendant. From an order granting a new trial, defendant appeals. Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 30, 1927.

James Cornell and Collins, Jackson & Sedberry, all of San Angelo, for appellant.

BAUGH, J. Pool sued Williams for damages for personal injuries resulting from a collision between his motorcycle and a Dodge automobile driven by Williams on the San Angelo-Paint Rock public road. In response to specific issues, the jury found appellant guilty of negligence proximately causing the collision, and that appellee was guilty of contributory negligence. The court rendered judgment for the appellant, but thereafter granted appellee's motion for a new trial. This appeal is from said action.

[1] In his order granting said motion for a new trial, the trial court did not indicate upon what grounds same was granted. If his action can be sustained on any of the grounds stated in the motion, it becomes our duty to affirm his judgment. And since we have reached the conclusion that the trial court's action should be sustained on one of the grounds set up in the motion, we deem it unnecessary to discuss the others. This ground was that the finding of the jury that Pool was guilty of contributory negligence was contrary to the preponderance of the evidence. We have read carefully all of the evidence and find it decidedly conflicting as to the place and manner in which Pool was driving at the time. Without setting out the evidence here or enumerating the witnesses whose testimony conflicted on this issue, it suffices to say that, as a matter of law, the evidence does not preponderate either way.

[2] It is the contention of appellant that, since the jury found that Pool was guilty of contributory negligence, and there is evidence to sustain that finding, the trial court should not set such finding aside. This is the rule applied in the appellate courts, but it does not appear to be conclusively binding on the trial court. Few cases have come before the courts on appeal since the passage of the law (now article 2249, R. S. 1925) authorizing appeals from orders granting motions for new trials, but this court has held, and so has the Galveston court, that the same rules followed in reviewing the action of the trial court, in refusing motions for new trial under the old statute, should be applicable in reviewing the trial court's action in granting such motions under the new law. See Bledsoe v. Burleson, 289 S. W. 143, decided by this court December 8 1926; Brown v. Tyner (Tex. Civ. App.) 285 S. W. 674.

[3] It is well settled that either the granting or refusing of new trials is largely within the discretion of the trial court, and his action will not be reviewed unless clearly abused. Wright v. Stone (Tex. Civ. App.) 273 S. W. 937; City of Brownsville v. Crixell (Tex. Civ. App.) 275 S. W. 430. And before an appellate court can say that such discretion has been abused, when the issue is on the evidence, his action must be contrary to a clear preponderance of the evidence. It is not enough that there be sufficient evidence to sustain the jury's finding, which is set aside.

The Galveston court, in expressing its views on the issue here raised, used the following language in Brown v. Tyner:

"It is evident, we think, that it was the purpose of the Legislature, in amending the law relative to appeals, authorizing appeals from orders of trial courts granting motions for new trials, to confer upon the appellate court the same, and only the same, powers to review the action of the trial court in granting motions for new trial as had theretofore been conferred upon appellate courts to review the action of trial courts in refusing motions for new trial.

"This being true, it may well be said, as was said by the Missouri court, that the trial courts have opportunities which appellate courts have not; that in presiding over the trial they are put in possession of facts which appellate courts cannot possibly attain; that seeing the witnesses they form opinions respecting their veracity, can observe whether they are biased or prejudiced, etc.; that all these considerations render it peculiarly proper that the question of granting new trials on account of the verdict being against the weight of testimony should be largely left to the discretion of the trial judge."

Under such circumstances, we are not authorized to reverse the action of the trial court in setting aside the jury's finding, where such finding was based upon conflicting evidence, which did not, as a matter of law, preponderate in support of that finding. Having reached this conclusion, it is unnecessary for us to discuss the other questions raised.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.