**E. H. RANKIN, d/b/a Rankin Automotive Transmissions, Appellant,**

v.

**James CLEMONS, Appellee.**

No. 10978.

Court of Civil Appeals of Texas.

Austin.

June 6, 1962.

Rehearing Denied June 27, 1962.

Bruce Waitz and Leslie J. Bretz, San Antonio, for appellant.

Robert Mueller and E. Richard Criss. Jr., Austin, for appellee.

HUGHES, Justice.

Appellant, E. H. Rankin, d/b/a Rankin Automotive Transmissions, filed suit in the nature of a Bill of Review to vacate a default judgment rendered against him in the Court below in favor of appellee, James Clemons, in Cause No. 121,271, on the docket of such Court. Such suit was for conversion of an automobile and for damages. In this proceeding, the Trial Court granted appellee's motion for summary judgment.[1]

The default judgment suit was filed March 8, 1961. Appellant was served March 9, 1961. On March 16, 1961, appellant telephoned Mr. E. Richard Criss, Jr., appellee's attorney who filed such suit. We copy from the affidavit of Mr. Criss regarding this call:

"Mr. Rankin informed me that he had been served with citation in the above mentioned case. Mr. Rankin informed me that Mr. Clemons owed him a repair bill on the Buick in question. I told Mr. Rankin that I was aware of this fact. Mr. Rankin stated to me that he would like to settle this matter by returning the Buick to Mr. Clemons and forget about the repair charges. I stated to Mr. Rankin that I had no authority to settle the suit on such a basis, but that I would contact Mr. Clemons and talk to him about it.

\* \* \* \* \* \*

"Pursuant to this telephone conversation with Mr. Rankin, I subsequently talked to my client, Mr. Clemons, in regard to a settlement. On my advice, Mr. Clemons rejected the offer of Mr. Rankin and authorized me to settle the

1. Our cause No. 10,979, between the same parties, this day decided, Tex.Civ.App., 358 S.W.2d 704, is an appeal by writ of error from the same judgment involved herein.

case for $3,000.00 cash. That as a result of my conversation with Mr. Clemons and the prior telephone conversation with Mr. Rankin, I wrote a letter to Mr. Rankin on the 23rd day of March, 1961, * * *"

The letter referred to by Mr. Criss is as follows:

"Mr. E. H. Rankin
"Rankin Automotive Transmission
"905 Olmos Drive
"San Antonio, Texas

"In re: James Clemons v. E. H. Rankin, dba Rankin Automotive Transmission, Cause No. 121,271, 53rd District Court, Travis County, Texas

"Dear Mr. Rankin:

"I have talked to Mr. Clemons in regard to a settlement of the above lawsuit and Mr. Clemons has informed me that he does not wish to have the car returned to him but would prefer to have some cash settlement made.

"I have recommended to Mr. Clemons that he take the sum of $3,000.00 cash as a cash settlement for your liability to him in regard to this matter. Because of Mr. Clemons' insistence that some cash payment be made to him, I do not think that you will be able to settle the lawsuit by merely returning the car to him.

"Please let me hear from you at your earliest convenience as to whether or not this cash settlement or some other cash settlement could possibly be worked out.

"Sincerely,
"s/E. Richard Criss, Jr."

Appellant was required to answer in such suit by April 3, 1961. Default judgment was taken May 4, 1961. Mr. Criss, in his affidavit, disclaimed any other communication with appellant or any representative of his prior to taking default judgment, except as hereinabove stated.

Appellant filed an affidavit in opposition to the motion for summary judgment in which he stated:

"That my failure to answer in Cause No. 121,271, styled James Clemons vs. E. H. Rankin, dba Rankin Automatic Transmission, was not intentional, the result of negligence or the result of conscious indifference on my part, but was due to accident or mistake in that, upon being served with citation in said cause, I immediately handed the same to the General Manager of my business, James Coppedge, and instructed him to mail the citation to my attorney, Alexander Fraser, of San Antonio, Texas. That, through inadvertence or oversight on the part of James Coppedge, the citation became misplaced and was not forwarded to said attorney as I directed until after a default judgment was rendered against me. That I labored under the mistaken, but honest, belief that the matter had been referred to my said attorney and felt that I would thereafter be notified of any action taken in said case. That I have a meritorious defense to said suit and would not knowingly have permitted a judgment to be taken against me by default. I did not know that such a judgment was rendered against me until on or about the 8th day of June, 1961. That I caused to be filed herein the petition for a Bill of Review on the 15th day of June, 1961."

Appellant also swore to facts which would constitute a meritorious defense to the suit against him.

Appellant, by supplementary affidavits, also swore:

"That, on the 16th day of March, 1961, and after the filing of Cause No. 121,271, styled James Clemons vs. E. H. Rankin, dba Rankin Automatic Transmission, on the Docket of this

Court, I made a long distance telephone call from San Antonio, Texas, and talked to one of the attorneys of record for James Clemons in Austin, Texas, regarding the suit filed against me. I told the attorney that Mr. Clemons owed me money on the repair of said car. I then told the attorney that rather than get into a contest on the matter that I would turn the car over to the said Clemons and cancel the repair charges on this automobile. Said attorney stated that he would talk to his client and let me know. I then received a letter from the attorneys for Mr. Clemons dated March 23, 1961, a copy of which is attached to Plaintiff's First Amended Original Petition for Bill of Review on file herein and is marked Exhibit 'E' which is self-explanatory and to which reference is here made.

That, by reason of said letter, I was led to believe that a settlement of said cause was possible and could be worked out. Said letter requested that I let the attorney hear from me at my earliest convenience as to whether or not 'this cash settlement or some other cash settlement could possibly be worked out.' That thereafter a default judgment was rendered in said cause against me without further notice from said attorneys.

\* \* \* \* \* \*

That by virtue of my conversation with the said E. Richard Criss, Jr., and particularly by virtue of his statement to me that he would talk to Mr. Clemons about a settlement, I was led to believe and did believe that a settlement would be worked out in this case and that there was no necessity for me to follow up the forwarding of said citation to my own attorney and make sure that he had received same."

Appellant's general manager, Mr. James Coppedge, made affidavit stating:

"That, on or about said date, [Mar. 9, 1961] Mr. Rankin was served with citation in Cause No. 121,271, styled James Clemons vs. E. H. Rankin, dba Rankin Automatic Transmission. That, at that time, Mr. Rankin handed me the citation, together with a copy of Plaintiff's petition attached, and directed me to mail the same to his attorney, who, at that time, was Mr. Alex Fraser of San Antonio, Texas. That I took the citation so handed me by Mr. Rankin and placed it in a drawer in my desk, fully intending to mail same to Mr. Fraser and feeling that I had ample time and that there was no particular hurry. That, thereafter, I became busy with office routine and the matter of getting the citation to the lawyer escaped me. I had completely forgotten about it. That, thereafter, some correspondence was received at the place of business relative to this matter, which I promptly forwarded to Attorney Fraser, at which time I did not include the citation because I thought that I had already forwarded the same to the attorney. That it was not until a copy of the judgment was received from the attorney for Mr. Clemons that it was discovered that I had failed to mail the citation to Mr. Rankin's attorney as I had been directed to do, and that the same was still in the drawer where I had placed it. It was not until then that I delivered it to Mr. Fraser and Mr. Rankin learned that I had not mailed the same as he had previously directed."

In Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, the requisites for successfully maintaining a Bill of Review were stated to be: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own."

■ It is our opinion that appellant fails to meet the last two requirements. His

failure to answer was wholly due to the carelessness of his general manager for which appellant is responsible. Agency, Sec. 2, Vol. 2, Tex.Jur.2d.

■ It also conclusively appears that appellant's failure to answer was not due to fraud, accident or wrongful act of appellee.

We understand appellant to contend that he was lulled into a sense of security by the letter from Mr. Criss dated March 23rd. This letter, instead of acting as a tranquilizer, it seems to us, should have sounded the alarm that a substantial and dangerous claim was being prosecuted and that the dispute was no longer confined to the mere collection of a repair bill. The letter should have shocked appellant into action. Instead, he did nothing before default judgment was rendered some 42 days later.

It is our opinion that no issue of fact was presented by the pleadings and affidavits on file and that the Trial Court correctly granted appellee's motion for summary judgment, and such judgment is affirmed.