**Tommy Arnold FLOWERS, Appellant,**

v.

**Christian DuPont FLOWERS, Appellee.**

**No. 4247.**

Court of Civil Appeals of Texas.

Eastland.

Sept. 20, 1968.

Rehearing Denied Oct. 11, 1968.

Wayne B. Ames, Abilene, for appellant.

Allen Glenn, Bryant, Glenn & Thomas, Abilene, for appellee.

WALTER, Associate Justice.

Tommy Arnold Flowers was granted an annulment of his marriage to Christian DuPont Flowers, a native and citizen of France. He had cited her by publication. Within the time allowed by Rule 329, Texas Rules of Civil Procedure, Mrs. Flowers filed her motion for a new trial. She also filed a cross action for custody and support of their children. The court granted the motion for a new trial and awarded Mrs. Flowers custody of her children and directed Mr. Flowers to pay child support. Mr. Flowers has appealed.

**32**

The appellant first contends the court erred in granting appellee's motion for a new trial because she had actual knowledge of his petition for annulment and failed to make an appearance in the case. Rule 329, T.R.C.P., authorizes the court to grant a new trial in cases when good cause is shown. In order to show good cause the defendant must prove that he had no actual knowledge of the pendency of the suit. Schwarz v. Smith, 325 S.W. 2d 407 (Tex.Civ.App., 1959, writ ref. n. r. e., with Per Curiam opinion); Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684.

The record shows that appellant's original petition for annulment was filed May 24, 1965. A letter to the appellee dated May 21, 1965 informing her: "We have been retained to represent Tommy Arnold Flowers in the above action. It is our understanding that you are agreeable to this action, and have enclosed a copy of Plaintiff's Original Petition which we have filed in said cause", is relied upon by appellant to establish conclusively that she had actual knowledge of the annulment petition. At the time the letter was written no such suit had been filed. Rule 119 T.R.C.P. authorizes the acceptance of service and in the 1961 amendment of the rule "after suit is brought" was added. "On the other hand, it has been repeatedly held that the statutory requirement that the waiver must not be signed prior to the filing of the suit is jurisdictional in nature, and that a judgment rendered thereon is completely void and subject to collateral attack." Texas Law Review, Vol. XXIV, No. 2, p. 210.

In Williams v. Pool, 291 S.W. 564 (Tex. Civ.App., 1927, writ dism.), the court said:

"It is well settled that either the granting or refusing of new trials is largely within the discretion of the trial court, and his action will not be reviewed unless clearly abused."

We hold that the appellant has failed to discharge his burden of proving that the court abused his discretion.

Appellant's points complaining about the admission of some exhibits because they were hearsay cannot be sustained. The exhibits were a French Certificate of Marriage, French certificates of births of the children and a French family record book. At the time appellant objected to exhibit nine, his counsel said: "And, for the further reason that the testimony that appears on this exhibit has already been adduced from the witness, Christian DuPont Flowers, from the stand." We find that evidence of the same or similar facts was admitted in evidence from other sources. In a non-jury trial it will be presumed that the court only considered the admissible evidence. We find some evidence of probative force to support the judgment. We have considered the entire record and we find that the evidence is sufficient.

Appellant was the person who first appealed to the court for redress by filing his petition for annulment. He invoked the jurisdiction of the court and now says the court did not have jurisdiction to enter an order awarding custody and child support. We hold the court had jurisdiction under Article 4639b, Vernon's Ann.Civ.St.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.