**George Robert LEAK, Appellant,**

**v.**

**Annemarie LEAK, Appellee.**

**No. 12691.**

Court of Civil Appeals of Texas, Austin.

April 12, 1978.

Rehearing Denied May 3, 1978.

John R. Duren, Duren & Thompson, Copperas Cove, for appellant.

Joe Barron, Duncan, Bragg, Barron & Phillips, Killeen, for appellee.

O'QUINN, Justice.

George Robert Leak appeals from action of the district court denying his motion for judgment on petition for equitable bill of review of a prior divorce judgment and division of property.

Appellant and Annemarie Leak were divorced by judgment entered in May of 1973. Subsequently Annemarie Leak, who had been served by publication while living in Germany, moved to set aside the judgment under Rule 329, Texas Rules of Civil Procedure. After the parties entered into a revised property settlement, the trial court in September of 1975 entered judgment setting aside the prior judgment only as to division of property and incorporated by reference the revised property settlement, upon which the parties had agreed, and ordered the property divided in accordance with the settlement.

About eighteen months later Appellant Leak filed his petition for bill of review, in March of 1977, based mainly on the ground that the property settlement, to which he

had been a party in 1975, was void. After a hearing the trial court denied appellant's petition for bill of review. We will affirm the action of the trial court.

Appellant brings four points of error. Under the first three points appellant attacks validity of the judgment of 1975 on the basis of procedural errors claimed under Rule 329, Texas Rules of Civil Procedure. The fourth point essentially is a prayer for equity, construed to be an assertion that the 1975 judgment was entered, not because of appellant's negligence, but due to negligence of Leak's attorney at that time in exerting undue pressure on Leak.

■ In seeking a bill of review, if the petition is to succeed, the litigant must allege under oath and prove "(1) a meritorious defense . . . (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950); 4 McDonald, *Texas Civil Practice,* sec. 18.27.1 (1971).

■ At the outset we find that appellant failed to meet the essential requirements under petition for bill of review, which we now consider, rendering it unnecessary to review in extended detail appellant's points of error attacking validity of the 1975 judgment.

It is undisputed that appellant was present at all material times in the proceedings in 1975 and was party to the revised property settlement, which the trial court found just and equitable, and incorporated it in the final judgment. In his petition for bill of review Leak alleged that he signed the property settlement agreement under duress of his attorney at the time who emphasized that the earlier divorce in 1973 was voidable.

■ McDonald points out that implicit in each ground of relief ". . . is the requirement that the petitioner show that he exercised due diligence to prevent the ren-

dition of the judgment under attack. An injustice in the former decree is not enough, without more: the party's failure to present his claim or defense must *not* have resulted from neglect of himself, his agent, *or his counsel*." (Emphasis added) 4 McDonald, *Texas Civil Practice,* sec. 18.27.5. Appellant insists that it was not due to any fault or negligence of his own, but that of his attorney, which prevented presentation of his claim in the property settlement. This position avails appellant nothing. The Supreme Court in 1968 held that as long as the relationship of attorney and client endures, with the corresponding effect of principal and agent, the acts of one as a general rule must necessarily bind the other. *Gracey v. West,* 422 S.W.2d 913, 916 (Tex.Sup.1968); *Dow Chemical Company v. Benton,* 163 Tex. 477, 357 S.W.2d 565, 567–8 (1962).

Leak's contention that the attorney representing him in 1975 prevented presentation of appellant's claim at that time gives emphasis to Leak's failure to plead and prove in this proceeding that he was prevented in 1975 from making his claim by any fraud, accident or wrongful act of the opposite party. This Court in 1962 held, where the record showed failure to answer was wholly due to the party's own employee, it conclusively appeared that failure to answer was not due to fraud, accident or wrongful act of the opposite party. *Rankin v. Clemons,* 358 S.W.2d 701, 704 (Tex.Civ. App. Austin 1962, writ ref'd).

The need for requirement of diligence in the prior action, on the part of the petitioner later seeking bill of review, finds emphasis and explanation in *Hacker v. Hacker,* 110 S.W.2d 923, 924 (Tex.Civ.App. Galveston 1937, no writ). The fundamental grounds upon which the equity to demand another trial rest are (1) that complainant has a meritorious claim and (2) ". . . that he has been compelled to suffer an adverse judgment by circumstances *wholly beyond his control* . . . ." (Emphasis added).

■ Returning to appellant's three initial points of error, attacking validity of the 1975 judgment on procedural grounds, we examine and dispose of them briefly. Under the rules applicable to motion for new trial after judgment in cases where service has been by publication, trial courts are permitted wide discretion to be exercised with liberality in allowing the defendant his day in court. The points of error brought by appellant in this appeal are overruled.

See 4 McDonald, *Texas Civil Practice,* secs. 18.23.1, 18.23.2, and authorities cited.

The judgment of the trial court is affirmed.