Robert Dale STOCK, Appellant,

v.

Dorothy STOCK, Appellee.

No. 04–84–00211–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 20, 1985.

Rehearing Denied Dec. 18, 1985.

Kristin Hanson, San Antonio, for appellant.

Chrys Lambros, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from the denial of a motion for new trial following a hearing involving modification of conservatorship. Appellant attacks the validity of the modification order entered, contending that the court was without jurisdiction to enter such order. A brief recitation of historical facts is necessary to address appellant's contentions.

The parties were divorced on October 27, 1980. An order approved by the parties and their attorneys was entered giving the parties joint managing conservatorship of their minor daughter, and setting out a visitation schedule.[1] This judgment was not appealed and became final on November 26, 1980. During this time, appellant abducted the minor daughter and disappeared.

In January of 1981, the appellee filed a motion for *nunc pro tunc* entry of judgment, alleging errors in the divorce decree. A copy of this motion was sent to appellant's prior attorney of record. Appellee's motion alleged that through the mistake and inadvertence of appellee's counsel, the judgment entered failed to set out the conservatorship and visitation arrangement as agreed to by the parties.[2] On January 22, 1981, the court entered a judgment *nunc pro tunc* incorporating the changes sought by appellee.

On December 1, 1982, appellee filed a motion to modify the *nunc pro tunc* judgment of January 22, 1981. In her motion, appellee sought to modify the custody provisions of the *nunc pro tunc* judgment to name herself the sole managing conservator. Appellant's and the child's whereabouts were still unknown at this time, so appellant was cited by publication, and an attorney ad litem was appointed to represent him. On February 14, 1983, a default judgment was entered modifying the custody arrangement in the *nunc pro tunc* judgment of January 22, 1981 as requested by appellee.

Appellant was arrested in October of 1983 for parental kidnapping and the minor child was returned to appellee. Appellant learned of the default judgment and on February 29, 1984, filed a motion for new trial requesting that the order modifying the *nunc pro tunc* judgment be set aside and a new trial granted. The trial court held a hearing on appellant's motion on March 30, 1984, and denied the relief sought and the motion. Findings of fact and conclusions of law filed by the court indicate that the court determined that appellant failed to establish good cause for a new trial, and that appellant had unclean hands in that he fled the jurisdiction of the court to avoid its orders.

Appellant appeals from this refusal to set aside the prior modification judgment. Because appellant was cited by publication for the modification hearing, he had two years in which to file the motion for new trial. TEX.R.CIV.P. 329. Thus, appellant's motion was timely filed.

Appellant's first point of error alleges that the trial court erred in entering an order modifying a prior void judgment. Appellant's remaining points two through five complain of no evidence and insufficient evidence to support the modification order entered in February of 1983. Our disposition of the case requires that we address only his first point of error.

■■■ A motion for new trial following service by publication is the equivalent of an equitable bill of review. *Gahagan v. Texas & Pacific Ry. Co.*, 231 S.W.2d 762 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r. e.); *Rimbow v. Rimbow*, 191 S.W.2d 89 (Tex.Civ.App.—Galveston 1945, writ ref'd),

---

1. Appellant was awarded the right to establish the child's legal domicile.

2. The decree does not recite that conservatorship and visitation were agreed to, but rather establishes both as found by the trial court to be in the best interest of the minor child. The decree does recite that the division of the marital estate was done pursuant to an agreement of the parties and then proceeds to enter such division as the court's own.

*cert. denied,* 329 U.S. 718, 67 S.Ct. 51, 91 L.Ed. 623 (1946). Rule 329 provides that the court may grant a new trial upon petition of the defendant showing good cause. Good cause requires: (1) a lack of actual knowledge of the suit prior to rendition of the default judgment, and (2) that the defendant have a meritorious defense. *McCarthy v. Jesperson,* 527 S.W.2d 825 (Tex.Civ.App.—El Paso 1975, no writ). Generally, the grant or refusal of a motion for new trial is within the trial court's discretion, and the court's decision will not be reviewed unless clear abuse is shown. *Flowers v. Flowers,* 433 S.W.2d 31 (Tex. Civ.App.—Eastland 1968, writ ref'd n.r.e.). However, it is an abuse of discretion to refuse to set aside a prior judgment if good cause is shown. *In re T.B.S., a Minor,* 601 S.W.2d 539 (Tex.Civ.App.—Tyler 1980, no writ). Courts do not have unbridled discretion to decide cases without reference to guiding rules or principles. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939).

■ To establish a meritorious defense, the movant must basically prove the very same defense which must be established if he is later to have a judgment in his favor. *Smith v. United Gas Pipe Line Co.,* 149 Tex. 69, 228 S.W.2d 139 (1950). A meritorious defense is one going to the merits, substance or essentials of the case, as distinguished from dilatory or technical objections. BLACK'S LAW DICTIONARY 378 (5th ed.1979). Additionally, the movant must excuse his absence or failure to appear. *In re T.B.S., supra.*

The trial court implicitly found that appellant caused his lack of actual notice by fleeing the court's jurisdiction. However, the test set out in *Jesperson* requires only that appellant have no actual knowledge of the suit.[3] At the hearing on the motion for new trial, uncontroverted testimony established that appellant had no actual knowl-

edge of the modification suit prior to rendition of the judgment. Thus, appellant has satisfied the first prong of the test which would entitle him to have the judgment set aside. *See McCarthy v. Jesperson, supra.*

The conclusions of law filed by the trial court also indicate that appellant failed to establish a meritorious defense. Findings of fact and conclusions of law are not binding on an appellate court, where, as in this case, we are presented with a statement of facts, and the findings and conclusions are challenged. *Lubbock Mortgage and Investment Co. v. Thomas,* 626 S.W.2d 611 (Tex.App.—El Paso 1981, no writ). *Cf. Southard v. Southard,* 567 S.W.2d 570 (Tex.Civ.App.—Tyler 1978, no writ).

The trial court should exercise its discretion in granting a motion for new trial liberally to permit a defendant his day in court after citation by publication in a default situation. *Leak v. Leak,* 564 S.W.2d 839 (Tex.Civ.App.—Austin 1978, no writ).

■ The trial court has no discretion to refuse to set aside a void judgment, but rather has a duty to do so at any time that such matter is called to its attention. *Neugent v. Neugent,* 270 S.W.2d 223 (Tex.Civ. App.—Beaumont 1954, no writ). Furthermore, an attack may be made in any proceeding having as its general objective a finding that such judgment was void when entered. *Middleton v. Murff,* 682 S.W.2d 672 (Tex.App.—Waco 1984, writ ref'd n.r. e.). Thus, it may not be necessary that appellant establish a meritorious defense to attack the void judgment. We can perceive no better defense than that the judgment entered was void.

To establish his meritorious defense, appellant alleged that the trial court was without jurisdiction to modify the void *nunc pro tunc* judgment previously rendered. A *nunc pro tunc* judgment is authorized by TEX.R.CIV.P. 316. However, once a judgment has become final a *nunc*

---

**3.** At the modification hearing on February 14, 1983, the attorney ad litem for appellant interposed an objection to defective notice of the citation by publication. The trial court recog-

nized the defect and agreed to rectify the problem should appellant ever make an issue of notice by motion for new trial.

*pro tunc* is appropriate only to correct clerical errors. *Rodriguez v. Valdez,* 521 S.W.2d 668 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). An attempt to correct a judicial error in a final judgment is void, and the prior uncorrected judgment remains valid. *Quintanilla v. Seagraves Ford, Inc.,* 522 S.W.2d 274 (Tex.Civ.App.—Corpus Christi 1975, no writ). Clerical errors are those that do not result from judicial reasoning or determination. *Nolan v. Bettis,* 562 S.W.2d 520 (Tex.Civ.App.—Austin 1978, no writ). A judicial error is one made by the court in rendering judgment, as opposed to a failure to accurately recite the judgment rendered. *Wallace v. Rogers,* 517 S.W.2d 301 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).

Appellee contends that the errors sought to be corrected in the motion for *nunc pro tunc* entry of judgment are clerical errors. Whether an error is judicial or clerical is a question of law, therefore, the trial court's determination as to the nature of the error is not binding on the appellate court. *Davis v. Davis,* 647 S.W.2d 781 (Tex.App.—Austin 1983, no writ). Judgment *nunc pro tunc* should be granted only if the evidence is clear, satisfactory and convincing that clerical error was made. *Perry v. Nueces County,* 549 S.W.2d 239 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

 The alleged errors sought to be corrected by appellee in the motion for *nunc pro tunc* entry of judgment were clearly judicial errors and appellee during oral argument admitted as much. Where a judgment is prepared by an attorney for the successful party and signed and entered by the court, it becomes the judgment of the court. Recitations or provisions alleged to have been inserted or omitted by a mistake of the attorney are nevertheless part of the court's judgment. *Dikeman v. Snell,* 490 S.W.2d 183 (Tex. 1973). A judgment *nunc pro tunc* cannot "re-adjudicate or rewrite and change the decretal portion of the judgment as rendered." *Id.* at 186. Thus, erroneous recitals in a judgment are judicial errors which cannot be cured by a *nunc pro tunc* proceeding after the judgment is final. *Finlay v. Jones,* 435 S.W.2d 136 (Tex.1969).

 The divorce decree became final in November of 1980. The motion for *nunc pro tunc* entry of judgment was made and granted in January of 1981, almost two months after the judgment was final. Therefore, the *nunc pro tunc* judgment was void. *Vickers v. Faubion,* 224 S.W. 803 (Tex.Civ.App.—Amarillo 1920, no writ). The attempted modification of a void judgment must also fail.[4] Therefore, appellant has sufficiently established a meritorious defense to the default judgment entered in February of 1983. Thus, appellant has satisfied both prongs of the test for a grant of his motion for new trial, notwithstanding that both prongs need not be satisfied in order to attack a void judgment.

In his appeal, appellant has abandoned his request for a new trial, and seeks only to have the prior judgment set aside. We sustain appellant's first point of error. As the *nunc pro tunc* judgment and the modi-

---

4. Appellee argues that the uniqueness of the concepts of "modification" and "continuing jurisdiction" in family law matters permits a different result. She argues that even if the judgment modified was void, the trial court could nevertheless enter a modification order which would necessarily have reference to the existing original decree. Such a proposition we are sure is fraught with problems involving proper notice to the opposing party. *See* TEX.FAM.CODE § 14.08 which requires that the order to be modified be identified by the motion seeking modification. Moreover, TEX.FAM.CODE § 11.14(a) states that "[e]xcept as otherwise provided in this subtitle proceedings shall be as in civil cases generally." Notice that appellee sought to modify a specific order is not notice that some other order might be modified.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62, (1965), *reversing, In re Adoption of Armstrong,* 371 S.W.2d 407 (Tex.Civ. App.—El Paso 1963, writ ref'd n.r.e.), *on remand, In re Adoption of Armstrong,* 394 S.W.2d 552 (Tex.Civ.App.—El Paso 1965, no writ).

fication of it are void, the original decree of divorce containing terms of conservatorship stands. Therefore, we reverse the judgment of the trial court and remand the cause to the trial court with instructions to enter an order setting aside the judgment *nunc pro tunc* of January 22, 1981, as well as the Order of Modification dated February 14, 1983. It is so ordered.