

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00041-CV

_____

IN THE INTEREST OF F.J., A CHILD

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 682-17

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On the petition of the Texas Department of Family and Protective Services (the Department), the trial court orally rendered judgment that Walt's parental rights to F.J.[1] be terminated on multiple statutory grounds.[2] However, the trial court's written Order of Termination failed to recite any statutory grounds for the termination of Walt's parental rights. While this case was on appeal, the trial court entered its Judgment Nunc Pro Tunc explicitly terminating Walt's parental rights to F.J. on statutory grounds (C), (E), (N), and (O). On appeal, Walt challenges the validity of both the Order of Termination and the Judgment Nunc Pro Tunc. Because (1) the trial court entered a valid Judgment Nunc Pro Tunc reflecting the judgment rendered and (2) Walt's complaint regarding the Order of Termination is moot, we affirm the judgment of the trial court.

The Department's original petition to terminate Walt's parental rights to F.J. included statutory grounds (C), (E), (N), and (O). At the conclusion of a trial on the merits, the trial court stated:

> Based on the evidence before the Court, the Court finds that the Department has met their burden of proof by clear and convincing evidence that the parental rights of the Respondent father, [Walt], should be terminated, and that's based on the grounds commonly known as (N), (O), (C), and (E), and the Court separately finds that termination subject of this suit would be in her best interest. Those two prongs having been met, it's the order of the court that the parental rights of [Walt] to the child subject of this suit, [F.J.], are now terminated.

---

[1]In this opinion, we will refer to the minor child by its initials and to its family members by pseudonyms. *See* TEX. R. APP. P. 9.8(b)(2).

[2]The trial court found that the grounds set forth in subsections (C), (E), (N), and (O) of Section 161.001(b)(1) of the Texas Family Code supported termination of Walt's parental rights. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C), (E), (N), (O) (Supp.).

Nevertheless, when the trial court entered its Order of Termination two weeks later, it based the termination of Walt's parental rights solely on its best-interest finding, without any reference to any statutory ground.

In his initial brief on appeal, Walt challenged the validity of the Order of Termination based on its lack of any statutory grounds for termination. In response to Walt's initial brief, the Department and the attorney ad litem for F.J. filed in the trial court a Joint Motion for Correction of Clerical Mistake in Judgment Record pursuant to Rule 316 of the Texas Rules of Civil Procedure and obtained an order setting a hearing on their motion.

On September 13, 2019, the trial court heard the motion and received testimony from Corinne Cain, the conservatorship supervisor for Child Protective Services in Upshur County. Cain testified that she had prepared the Order of Termination that was entered in the case, but that, based on the reporter's record of the hearing, the order did not conform to the ruling that the court had made from the bench. She also testified that the proposed Judgment Nunc Pro Tunc, based on both the reporter's record and her memory of the trial, conformed to the judgment the trial court had orally rendered. The Department also offered the reporter's record for the trial court's review, and Walt's counsel affirmed to the trial court that the proposed Judgment Nunc Pro Tunc correctly reflected the judgment the trial court had orally rendered. The trial court then entered its Judgment Nunc Pro Tunc, which terminated Walt's parental rights based on statutory grounds (C), (E), (N), and (O). After receiving the supplemental clerk's record containing the judgment nunc pro tunc, we notified the parties that we would allow them to submit supplemental briefs.

3

*(1)*     *The Trial Court Entered a Valid Judgment Nunc Pro Tunc Reflecting the Judgment Rendered*

Walt challenges the validity of the Judgment Nunc Pro Tunc.  Although Walt acknowledges that the Judgment Nunc Pro Tunc conforms to the judgment orally rendered by the trial court, he argues that, since the error in drafting was that of a party, i.e., the Department, the error may not be corrected by a judgment nunc pro tunc.  Under the facts of this case, we disagree.

When a trial court has lost its jurisdiction[3] over a judgment, "it can correct only clerical errors in the judgment by judgment nunc pro tunc."  *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986).  "A clerical error is one which does not result from judicial reasoning or determination."  *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013) (quoting *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam)).  If it corrects only a clerical error, "[e]ven a significant alteration to the original judgment may be accomplished through a judgment nunc pro tunc."  *Id.* (citing *Andrews*, 702 S.W.2d at 584–86).

"[T]he trial court has plenary power to correct a clerical error made in *entering* a final judgment," but it "cannot correct a judicial error made in *rendering* a final judgment."  *Id*. (citing *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970)).  Thus, a "judicial error is an error which occurs in the *rendering* as opposed to the *entering* of a judgment."  *Id.* (citing *Comet*, 450 S.W.2d at 58).  In determining whether a correction addresses a judicial error or a clerical error, "we look to the judgment actually rendered, not the judgment that should or might have been rendered."  *Id.* (citing *Coleman v. Zapp*, 151 S.W. 1040 (Tex. 1912)).  Only a final written

---

[3]The parties agree that the trial court had lost its jurisdiction over its Order of Termination when it entered its Judgment Nunc Pro Tunc.

judgment that incorrectly states the judgment actually rendered may be corrected by judgment nunc pro tunc. *Escobar*, 711 S.W.2d at 231–32.

A judgment is rendered "when the trial court officially announces its decision in open court or by written memorandum filed with the clerk." *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (quoting *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (citing *Comet*, 450 S.W.2d at 58). "A trial court renders judgment orally when it announces rendition as a present act and not as an 'intention to render judgment in the future.'" *Id.* (quoting *S & A Rest. Corp.*, 892 S.W.2d at 858 (quoting *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)). Whether the trial court orally pronounced judgment and the terms of its pronouncement are questions of fact. *Escobar*, 711 S.W.2d at 232. Once the trial court determines whether it previously rendered judgment and the contents of its judgment, whether the error was judicial or clerical becomes a question of law. *Id.*

We may review the trial court's factual determination only for legal and factual sufficiency of the evidence. *See id.* Where, as in this case, "no findings of fact or conclusions of law are requested by the parties or filed by the trial court, the judgment implies all findings of fact necessary to support it." *Johnson v. Oliver*, 250 S.W.3d 182, 186 (Tex. App.—Dallas 2008, no pet.). By entering its Judgment Nunc Pro Tunc, the trial court made implied findings of fact that it had previously orally rendered judgment that terminated Walt's parental rights on statutory grounds (C), (E), (N), and (O). In our legal-sufficiency review, we determine whether some evidence supports the trial court's decision. *Escobar*, 711 S.W.2d at 232. In our factual-sufficiency review, we consider all of the evidence, and we will set aside the finding only if it "is

5

so against the great weight and preponderance of the evidence as to be manifestly unjust." *Escobar v. Escobar*, 728 S.W.2d 474, 475 (Tex. App.—San Antonio 1987, no writ) (per curiam) (appeal after remand).

In determining whether it had previously rendered judgment and the contents of that judgment, the trial court may consider testimony from witnesses, its docket entries, written documents, previous judgments, the trial judge's personal recollection, and other record evidence. *Hernandez v. Lopez*, 288 S.W.3d 180, 184 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see Escobar*, 711 S.W.2d at 232. At the hearing on the Department's motion, Cain testified that the reporter's record of the trial on the merits showed that the trial court had orally rendered judgment, but that the written judgment that she authored did not conform to that orally rendered by the trial court. She also testified that the proposed Judgment Nunc Pro Tunc, based on both the reporter's record and her memory of the trial, conformed to the judgment the trial court had orally rendered. Walt also agreed that the proposed Judgment Nunc Pro Tunc conformed to the judgment orally rendered by the trial court. The trial court also had the reporter's record of the trial, in which the trial court clearly stated that it found that Walt's parental rights should be terminated under statutory grounds (C), (E), (N), and (O) and that Walt's parental rights to F.J. "are now terminated." Thus, the trial court orally rendered judgment as a present act, not as an intention to do so in the future. *See Naylor*, 466 S.W.3d at 788.

We find that this evidence is legally and factually sufficient to support the trial court's determination that it had orally rendered judgment terminating Walt's parental rights under

statutory grounds (C), (E), (N), and (O).[4] Since the trial court orally rendered judgment on those grounds, we also find that the Judgment Nunc Pro Tunc validly corrected a clerical error. We overrule this issue.

*(2)      Walt's Complaint Regarding the Order of Termination Is Moot*

Walt also asserts that the Order of Termination is invalid because it did not recite any statutory grounds for the termination of Walt's parental rights. We may not decide moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). When there ceases to be a controversy between the parties at any stage of the legal proceedings, including on appeal, the case becomes moot. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005)). "Generally, an appeal is moot when the court's action on the merits cannot affect the rights of the parties." *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993).

When the trial court entered its Judgment Nunc Pro Tunc, it satisfied Walt's complaints regarding the Order of Termination, making it moot. Consequently, we overrule this issue.

---

[4]Walt cites a number of Texas appellate court decisions that he contends support his argument that errors in the written judgment that are made by a party's attorney are not correctable through a judgment nunc pro tunc. *See In re Daredia*, 317 S.W.3d 247 (Tex. 2010) (orig. proceeding); *In re M & O Homebuilders, Inc.*, 516 S.W.3d 101 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding); *In re D & KW Family, L.P.*, No. 01-11-00276-CV, 2012 WL 3252683, at *6 (Tex. App.—Houston [1st Dist.] Aug. 12, 2012, orig. proceeding) (mem. op.); *In re Fuselier*, 56 S.W.3d 265 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *Stock v. Stock*, 702 S.W.2d 713 (Tex. App.—San Antonio 1985, no pet.). However, in each of those cases, there was no evidence that the trial court had orally rendered judgment. Thus, the only evidence of the judgment "actually rendered" by the trial court was the written judgment entered by the trial court containing the scrivener's error. *See Escobar*, 711 S.W.2d at 232. Since the errors sought to be corrected by judgment nunc pro tunc in each of the cases cited by Walt would have required judicial reasoning or determination, they were judicial errors not correctable by judgment nunc pro tunc.

7

For the reasons stated, we affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 24, 2019
Date Decided:       October 25, 2019